IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD COLEMAN,           )
                                )
            Plaintiff,      )
                                )
        v.                )
                                )      1:19CV173
DEVER, et al.,             )
                                )
            Defendants.   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Richard Coleman. In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. "The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second ground for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.[1]  In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint.  Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1]  Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

Here, Plaintiff has named as Defendants eight federal and state court judges. However, judges are entitled to absolute judicial immunity for those acts taken while they are acting in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Here, Plaintiff asserts claims against the state court judges related to their rulings in various proceedings between Plaintiff and his ex-wife, including granting Domestic Violence Protection Orders against Plaintiff and entering gatekeeper orders limiting Plaintiff's ability to file *pro se* actions in state court related to his ex-wife. As to the federal judges, Plaintiff asserts claims against them for dismissing his similar civil rights claims filed in the Eastern District of North Carolina. As to all of these claims asserted against Judges Dever, Swank, Bushfan, Green, Eagles, Stevens and McGuire, the claims are barred by judicial immunity and are frivolous and fail to state any valid claim for relief. Therefore, the claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In addition, to the extent Plaintiff may be attempting to use this proceeding to appeal prior state court orders, those claims are not appropriately before this Court. See, e.g., Casey v. Hurley, 671 F. App'x 137, 138 (4th Cir. 2016) ("To the extent [the plaintiff] seeks review of the state court's adverse decisions, the district court lacked jurisdiction to conduct such a review under the Rooker-Feldman doctrine."); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,

284, (2005) (holding that the <u>Rooker</u>–<u>Feldman</u> doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); <u>Thana v. Bd. of License Comm'rs for Charles Cty., Md.</u>, 827 F.3d 314 (4th Cir. 2016).

The only remaining Defendant is Kay Silver, Defendant's ex-wife, and Plaintiff asserts claims against her for "Perjury, Fraud, Obstruction of Justice, Slander, and Conspiring to do the same." However, Plaintiff has not asserted any federal claim against Defendant Silver or any basis for the exercise of federal jurisdiction over his claims against her. "To state a claim under [42 U.S.C. § 1983], a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Plaintiff has failed to allege any basis to find that his ex-wife was acting under color of state law for purposes of a § 1983 claim. To the extent Plaintiff is asserting state law claims, he has not alleged federal jurisdiction based on diversity. Therefore, the claims against Defendant Silver are subject to dismissal for failure to state a federal claim and for lack of subject matter jurisdiction as to any state claim.[1]

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

---

[1] The Court also notes that there may be some concern that Plaintiff is attempting to avoid restrictions and limitations placed upon him by the state courts with regard to filing *pro se* actions against his ex-wife. However, the Court need not consider the issue further, because the claims are subject to dismissal at screening in any event, as set out above.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous, for failing to state a claim upon which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief as to Judges Dever, Swank, Bushfan, Green, Eagles, Stephens, and McGuire; and for failing to state a federal claim upon which relief may be granted and lack of federal subject matter jurisdiction as to any remaining claims including as to any claims against Defendant Silver.

This, the 7th day of March, 2019.

    /s/ Joi Elizabeth Peake    
United States Magistrate Judge
